# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

    v.

Gatlin

November 28, 1989

Case No. CF890703

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on defendant's Motion to Suppress certain evidence seized as a result of a warrantless search of the defendant.

The Commonwealth asserts that the search was consensual, and defendant's evidence, if believed, suggests a full probable cause stop and search.

The evidence is in conflict as to the actions of the officer; however, even if the Court accepts the Commonwealth's version of the events, the Motion to Suppress must be granted.

A "spotter" observed what he reasonably believed to be a drug transaction and contacted other officers by radio. After alerting them to the transaction, there was an apparent radio failure before descriptions were broadcast. The officers affecting the search stated that defendant and his companion were the only ones in view within thirty seconds of the call. The officer stated his purpose in approaching defendant was to "try to get a consent." He identified himself as a police officer and asked defendant if he would mind talking with him. Defendant, without responding, went over to the police officer, and the officer, noticing the defendant's clenched fist, asked what defendant had in his hand. Defendant,

again without response, opened his first, and the officer observed three tin foil packets and saw one of them fall to the ground. The officer asked what it was, and defendant did not answer. The officer retrieved the fallen packet and smelled it, noticing an aroma consistent with PCP. Defendant was arrested and searched. Additional incriminating evidence was found.

The burden rests on the Commonwealth to show that the necessary consent was obtained and that it was freely and voluntarily given. That burden is not satisfied by showing a mere submission to lawful authority. *Florida v. Royer*, 460 U.S. 497, 103 S. Ct. 1319, 1324 (1983). The consent must not only have been given without duress or coercion, but it must be clear and unequivocal, and there is a presumption against the waiver of constitutional rights.

Here the Court cannot find that the actions of the defendant constitute a clear and unequivocal consent. His actions are just as consistent with a submission to the authority of a police officer who has asked him several questions. His failure to respond is as consistent with submission to authority as it is with a voluntary consent. More than mere silence and acquiescence on the part of the defendant is required to show consent.

For these reasons, the Motion to Suppress must be granted.